IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLISON BURKE | : | |
| *Plaintiff,* | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| UNUM GROUP and | : | |
| UNUM LIFE INSURANCE | : | |
| COMPANY OF AMERICA | : | |
| | : | |
| *Defendants.* | : | |

## CIVIL ACTION COMPLAINT

Now comes the Plaintiff, ALLISON BURKE, by and through her undersigned counsel, and complains against the Defendants, UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF AMERICA, and states:

**I.   PARTIES**

1. The Plaintiff, Allison Burke ("Burke" or "Plaintiff"), age 36 (born February 14, 1989), is a resident of Pennsylvania and resides at 777 West Germantown Pike, Plymouth Meeting, PA 19462.

2. Defendant, Unum Group ("Unum Group" or "Defendant"), is a corporation with its headquarters in Chattanooga, Tennessee, and was at all times relevant hereto doing business throughout the United States and within the Eastern District of Pennsylvania. Unum Group is the parent company of Defendant Unum Life Insurance Company of America.

3. Defendant, Unum Life Insurance Company of America ("Unum"), is a subsidiary corporation to Unum Group, with its headquarters in Portland, Maine. At all times relevant

hereto, Unum was doing business throughout the United States and within the Eastern District of Pennsylvania.

## II.     JURISDICTION AND VENUE

4.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 by virtue of the fact that this case arises under the laws of the United States – namely, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq*.

5.     The amount in controversy in this action is in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this district.

7.     Plaintiff has exhausted all administrative remedies pursuant to the Plan's policy documents.

## III.    STATEMENT OF CLAIMS

8.     This action is brought as a claim for long-term disability benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Burke seeks payment of long-term disability benefits due under a group policy of insurance, number 912658 ("the Policy"), issued by Unum Life Insurance Company of America for the benefit of employees of CVS Pharmacy, Inc.

9.     The Policy provides payment of monthly disability income benefits for participants that meet the definition of Disability.

10.    Unum Life Insurance Company of America is the claims fiduciary responsible for administering the Policy.

11.    At all times relevant hereto, the Policy constituted an "employee welfare benefit

plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)).

12. Incident to her employment with CVS Pharmacy, Inc., Burke received coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

13. Immediately prior to ceasing work, Burke was successfully employed as an Accounts Receivable Specialist for CVS Pharmacy, Inc.

14. Since at least 2024, Burke has been diagnosed with and/or has suffered from multiple debilitating conditions, including chronic fatigue syndrome; fibromyalgia with chronic widespread pain and fatigue; lumbar, cervical, and thoracic radiculopathy; chronic low back and neck pain; chronic pelvic pain due to endometriosis and pelvic floor dysfunction; generalized myalgia; irritable bowel syndrome and chronic constipation; chronic tension-type headaches and migraine; and other fatigue-related and pain syndromes.

15. In addition, Burke has been diagnosed with anxiety disorder and major depressive disorder, which contribute to emotional and cognitive challenges, including difficulty concentrating, irritability, and panic attacks. She also experiences persistent brain fog ("fibro fog") with sleep disturbances and fatigue associated with her fibromyalgia and chronic pain conditions.

16. Burke has also been evaluated and treated for small intestinal bacterial overgrowth ("SIBO") and mold exposure, and her laboratory testing references findings that may be associated with leaky gut syndrome.

17. Due to the severity and persistence of her symptoms, Burke has been treated with multiple medications over time to address pain, mood disturbance, anxiety, neuropathic pain, and related conditions. Her treatment history includes low dose naltrexone, gabapentin,

propranolol, pregabalin, Effexor XR, Klonopin as needed for anxiety, and Wellbutrin SR, as well as interventional pain management measures, including injections. Several of these medications were later discontinued because of adverse effects or limited benefit, but low dose naltrexone remains part of her ongoing regimen.

18. As a result of her ongoing symptoms, Burke last worked at CVS Pharmacy, Inc. as an Accounts Receivable Specialist on August 27, 2024.

19. Burke received short-term disability benefits beginning on August 28, 2024, and continuing through February 25, 2025. She submitted a claim for long-term disability benefits under the Policy.

20. Despite her inability to work, Defendant denied Burke's claim for long-term disability benefits on May 6, 2025. The denial was based on Unum's assertion that the medical evidence did not support functional impairments preventing her from performing the material and substantial duties of her own occupation.

21. On May 29, 2025, Plaintiff filed an appeal of the Defendant's decision to deny her long-term disability benefits.

22. On July 18, 2025, Defendant notified Plaintiff that it will uphold the prior decision to deny long-term disability benefits.

23. The following evaluations by treating physicians underscore the severity of Burke's functional impairments.

24. On August 1, 2025, Burke's treating physician, Dr. Nadia Ali, completed a Physical Capabilities Form documenting severe functional restrictions that preclude her from maintaining gainful employment. Dr. Ali indicated that, as of July 1, 2024, Burke can sit for

only one hour total, walk for only two hours, and stand for only one hour in an eight-hour workday, and can sit, stand, or walk for no more than one hour at a time. Burke is limited to lifting only up to ten pounds and has significant limitations with bending, kneeling, squatting, climbing, and operating a motor vehicle, and cannot perform repetitive hand or foot movements. Based on these findings, Dr. Ali checked that Burke is capable of "no work at all" under the U.S. Department of Labor employment classifications.

25. On the same date, Dr. Ali completed a Cognitive Abilities Form, again indicating that Burke is not capable of working. Dr. Ali identified chronic fatigue, fibromyalgia, post-traumatic stress disorder (PTSD), anxiety, panic disorder, chronic migraine, and irritable bowel syndrome as Burke's known conditions. On the cognitive checklist, Dr. Ali marked that Burke has experienced changes in multiple areas, including problems with judgment and decision-making, reduced interest in activities, difficulty learning how to use tools and appliances, forgetting the correct month or year, trouble handling complex financial affairs and remembering appointments, daily problems with thinking and memory, and changes in her ability to prepare meals, carry out detailed instructions, throw and catch a ball, make simple work-related decisions, and maintain attention and concentration for extended periods.

26. On February 23, 2025, Burke's treating physician, Dr. Saritha Pothuluri, completed a restrictions and limitations form for Unum. Dr. Pothuluri stated that during a fibromyalgia flare-up, Burke should not sit or stand for more than 30 minutes at a time due to pain in her cervical and lumbar spine, may require 15–20 minute breaks after each 30-minute interval, and may need to lie flat for 1–2 hours to relieve her back pain during a shift. Dr. Pothuluri also noted that Burke's prescribed medications can cause drowsiness. These restrictions were indicated to apply from December 6, 2024 through June 6, 2025.

27. Since February 26, 2025, Defendant has failed and refused to provide Plaintiff with the long-term disability benefits to which she is legally entitled, despite the fact that Plaintiff is disabled

## First Cause of Action

28. Plaintiff hereby incorporates by reference all the foregoing paragraphs within the Complaint as though the same were fully set forth at length herein.

29. Plaintiff's current and anticipated disability has prevented her from performing the material and substantial duties of any occupation.

30. Because of the aforesaid disability, Plaintiff has a right to benefits under Defendant's aforementioned long-term disability policy, and, to date, the Defendant has failed and refused to provide long-term disability benefits to Plaintiff.

31. By denying benefits under the aforementioned policy, the Defendant breached Plaintiff's rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq*.

32. As a result of the Defendant's aforesaid ERISA violations, Plaintiff is entitled to monetary damages.

## Relief Sought

WHEREFORE, Plaintiff demands judgment against the Defendant, and requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against the Defendant;

B. Order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled, with interest;

  C. Order the Defendant to continue paying Plaintiff long-term disability benefits in an amount equal to the contractual amount of benefits to which she is entitled, through the Policy's Maximum Benefit Period;

  D. Award Plaintiff attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and

  E. Award Plaintiff any and all other contractual and/or equitable relief to which she may be entitled.

           Respectfully submitted,

           **SWARTZ CULLETON FERRIS TRIAL LAWYERS**

      By: /s/ Larissa K. Staszkiw
        Larissa K. Staszkiw, Esquire
        Attorney ID No. 318362
        547 E. Washington Ave.
        Newtown, PA 18940
        T: (215) 550-6553
        F: (215) 550-6557

        Attorney for Plaintiff

Date: December 9, 2025

## CERTIFICATION

      Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. **OTHER ACTIONS PENDING?**..............................YES ___ NO  X
  A. If YES - Parties to other Pending Actions.

  B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. **OHTER ACTIONS CONTEMPLATED?**........................YES ___ NO  X
  A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. **ARBITRATION PROCEEDINGS PENDING?**...................YES ___ NO  X
  A. If YES - Parties to Arbitration Proceedings.

  B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. **OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?**........YES ___ NO  X
  A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

                **SWARTZ CULLETON FERRIS**
                **TRIAL LAWYERS**

      by:    /s/ Larissa K. Staszkiw
            Larissa K. Staszkiw, Esquire
            Attorney for Plaintiff

Date: December 9, 2025